## HICKMAN v. SLOAN.

Where suit was brought against the maker and indorser of a note, which read as follows: "Oct. 28, 1854. Ten days after date, I promise to pay David H. Means, one hundred dollars, the balance due on house and lot, No. 2, B. 19, when said wood-work on said house is finished, for value received. Thomas M. Sloan;" indorsed as follows: "For value received, I assign the within to Samuel Hickman, Nov. 14, 1854. D. H. Means;" and where the maker of the note answered, that the note was given as the balance due on the house and lot, and the wood-work thereon, by the payee; that the work had not been completed according to the contract; and that the consideration had therefore failed, which answer was not replied to by the plaintiff; and where the indorser made no defence to the action, but replied to the answer of his co-defendant, alleging that he had performed all the work required of him by his contract with the maker, and that the consideration had not failed; and where on the trial, the indorser was offered as a witness by the plaintiff, to show the complete performance of the work mentioned in the note, to which defendant objected, because of the interest of the witness, which objection was overruled, and the witness permitted to testify; *Held*, That under the issue made, the indorser was not a competent witness for the plaintiff against the maker of the note.

*Appeal from the Jasper District Court.*

THIS suit was brought on the following promissory note, against the maker and assignor thereof: "Oct. 28, 1854. Ten days after date, I promise to pay David H. Means, one hundred dollars, the balance due on house and lot, No. 2, B. 19, when said wood-work on said house is finished, for value received. Thomas M. Sloan;" which note was indorsed as follows: "For value received, I assign the within to Samuel Hickman, Nov. 14, 1854. D. H. Means." The maker of the note answered, that it was given as the balance due on the house and lot, and the wood-work to be done

thereon, by the payee; that the work had not been completed according to the contract; and that the consideration had therefore failed.    To this, the plaintiff makes no reply. Means makes no defence to the action, but replies to Sloan's answer, that he had performed all the work required of him, by his contract with the maker, and that the consideration had not failed.    On the trial, Means was offered as a witness by the plaintiff, to show the complete performance of the work mentioned in the note and pleading, to which Sloan objected, because of the interest of the witness.    This objection was overruled, and the said witness permitted to testify.    Verdict for plaintiff.    Motion in arrest of judgment, and for new trial, overruled.    Judgment on the verdict, and Sloan appeals, having given notice thereof to his co-defendant, as well as the plaintiff.

*W. B. Sloan*, for the appellant.

*W. Penn. Clarke*, for the appellee.

WRIGHT, C. J.—No question has been raised as to the right of plaintiff to sue the maker and indorser, in the same action, on this instrument.    Neither has the right of Means to take issue upon the answer of Sloan, been questioned, by either party in the argument.    And notwithstanding, plaintiff failed to reply to the affirmative matter contained in Sloan's answer, the case has been submitted without reference to the effect of such failure.    We shall, therefore, pass upon the case, without intimating an opinion on these various questions, contenting ourselves with disposing of the errors assigned, upon the issues, as the parties have made them.

The first and principal inquiry is, was Means a competent witness for plaintiff?    We clearly think not.    Without inquiring how far the negotiablity, or non-negotiability, of this note, might affect his competency, we hold, that under the issue made in the case, he should have been excluded. It is quite manifest, that the contest was between the maker

and indorser, and not between the maker and assignee. Hickman, indeed, seems to have been an indifferent spectator of the controversy. He had taken no issue on Sloan's answer. Means had, however, and had thus, in effect, become the plaintiff. The judgment rendered, would be conclusive as to the consideration of the note, and could not be afterwards questioned by Means. It is true, that while Sloan might be discharged, plaintiff could take his judgment against Means; but Means, by the pleadings and record, was so far a party, that he could not after such discharge make Sloan liable. The judgment would be evidence as to the failure of consideration, in any suit Means might bring against Sloan, on the note. The only issue in the case was, whether the work had, or had not, been completed? whether the consideration had, or had not, failed? Who was the party to that issue? Who was to gain or lose by the result of that issue? No one, certainly, more than Means. Though called by plaintiff, he was, in effect, called by himself, to testify for himself, not to fix his own liability as indorser (for that was not disputed), but to show that Sloan did owe him the amount of the note. He was beyond question a party to the issue, and so treated; directly and legally interested in the matter in litigation; by the result he was to gain or lose; the verdict, or the issue so made, could be used against him; and, indeed, it would be difficult to conceive of a case, where a witness would, on the ground of interest, be more clearly incompetent. If he was not incompetent, then, in truth, has a legal interest ceased to disqualify a witness from testifying in his own case, against the objection of his adversary? *Safford* v. *Lawrence*, 6 Hill, 566; 3 Stark. Ev. 1063; 1 Greenleaf's Ev. § 329 *et seq.*; *Van Nuys* v. *Terhune*, 3 John. Cases, 82. It is believed, that those cases which apparently establish a contrary rule (such as that of *The Farmers' Bank of Michigan* v. *Griffiths*, 5 Hill, 476), are predicated upon the ground, that the assignor, not being a party to the suit, would not be concluded, by any judgment that might be rendered; and, others, again, upon the rule that the note being assigned

before due, the maker could not object to testimony to sustain a recovery in favor of the assignee, who had taken the paper on the faith of his signature. But where the note is assigned after due, as in this case, and the assignee made a party, and becomes the substantial plaintiff in the issue, if any case can be found that holds him to be a competent witness, to prove that the note was given for a good consideration, or that the consideration had not failed, while we should give to it such weight as was due to the tribunal from which it might emanate, yet we should hesitate long, before we would give it sanction as an authority, and should do so, even, in the language of Judge STORY, "without respect or veneration."

It is objected, that the court-erred in instructing the jury as to the acceptance of the work by plaintiff. The testimony is not before us, and as we can conceive of a state of proof, in which the instruction might be correct, we cannot say that in this there was error.

Judgment reversed.