CRAIG *v.* ANDREWS.

The refusal of a judge to sign a bill of exceptions may be shown by the certificate of attorneys of the court. It is not necessary that the judge should certify to his refusal to sign the exceptions.

Craig v. Andrews.

Where suit was brought by the indorsee, against the maker and indorser of a written instrument without date, as follows: "For value received, I promise to pay F., or order, the sum of one hundred and sixty dollars, with ten per cent. interest, on and after the election of James Buchanan to the Presidency"—signed A., and the petition alleged that the writing was executed in consideration of a mare, of the value of one hundred and sixty dollars, sold and delivered by F. to A.; and where the defendant, A., pleaded that the writing was wholly without consideration and void, the same being for an illegal consideration upon a wager or bet, contrary to sound policy and morality, upon which plea issue was joined ; and where on the trial, the defendants being represented by different counsel, the counsel who appeared for F., with the advice and consent of the plaintiff, called the said F. as a witness, in order to prove the consideration of the note; and where the said F. on cross-examination, stated that if A. did not pay the plaintiff the debt sued for, he, (F.) would have it to pay, and was proceeding to state the contract between himself and the plaintiff, when he was interrupted by his counsel, who refused to allow him to state such contract; and where the defendant, A., then moved the court to exclude from the jury the said testimony of F., on the ground that he had shown himself directly liable to plaintiff for the amount of the note, in the event that judgment was not rendered against A., which motion was overruled ; *Held*, That the evidence of F. was improperly admitted.

Where the consideration of a written agreement, or a promissory note, in whole or in part, was intended by the parties as a bet or wager, the instrument is illegal and void, even in the hands of an innocent purchaser.

Where in an action on a note, the issue between the parties is, whether the note was given for a wagering contract, it is the duty of the court, where the note contains evidence on its face that it is void, as having been given in pursuance of such an illegal contract, to exclude the same from the jury ; and if the note has not sufficient on its face to render it void, evidence *aliunde*, should be admitted to show the nature of the contract, and the consideration on which the note was executed, and it should be left to the jury to determine the illegality of the consideration, with the direction, that if they find that the note was given upon a wager, or that the whole or any part of the consideration, was for money or property laid or staked upon a bet or wager, the note was absolutely void, even in the hands of an innocent purchaser.

The fact that a note is made payable upon a contingency, does not necessarily show that it is a wagering contract.

Where in a suit by the indorsee, against the maker and indorser of a note, without date, which reads as follows: "For value received, I promise to pay F., or order, the sum of one hundred and sixty dollars, with ten per cent. interest, on and after the election of James Buchanan to the Presidency," the petition alleged that the note was executed in

Craig v. Andrews.

consideration of a mare of the value of one hundred and sixty dollars, sold and delivered by F. to the maker of the note; and where the maker of the note pleaded, that the same was wholly without consideration and void, the same being for an illegal consideration upon a wager or bet, contrary to sound policy and morality, upon which plea issue was joined; and where the court, at the request of the maker of the note, charged the jury as follows : " That if the consideration was, in whole or in part, intended by the parties as a bet, or wager on the presidential election, it was illegal and void," and that "if the jury find that the note was given without consideration, and against sound morals and public policy, the maker is not liable ;" and where the court then qualified the instruction as follows : " That if the jury find it was given for a horse, its payment depending on the terms expressed in the note, there is a legal consideration, and the contingency does not destroy plaintiff's right to recover after it happened," and " that if the note was given for a horse, to be paid for after Mr. Buchanan was elected President, if given while the election was pending, and the contingency has happened, the plaintiff is entitled to recover ;" *Held*, That the qualification of the instructions tended to confuse the jury, and were erroneous.

*Appeal from the Henry District Court.*

TUESDAY, OCTOBER 19.

This suit is by Craig, the indorsee and holder, against the maker and indorser of a written instrument without date, in the following words :

" For value received, I promise to pay D. C. Foster, or order, the sum of one hundred and sixty dollars, with ten per cent. interest, on and after the election of James Buchanan to the Presidency.        SAMUEL ANDREWS."

In his amended petition, the plaintiff avers that the writing was executed in consideration of a mare, of the value of one hundred and sixty dollars, sold and delivered by Foster to Andrews. The defendant, Andrews, among other defenses, pleaded that " the writing was wholly without consideration and void, the same being for an illegal consideration upon a wager or bet, contrary to sound policy and morality."

Issue being joined by the parties, it appeared by the bill of exceptions, signed by two or more attorneys of the

court, that the defendants, Foster and Andrews, were represented by different counsel. The counsel who represented Foster on the trial, with the advice and consent of the plaintiff, called their client as a witness, in order to testify as to the consideration of the note sued on. On his cross-examination by the attorney of Andrews, he, (Foster), stated, that "if Mr. Andrews did not pay the plaintiff the debt sued for, he, (Foster), would have it to pay; and was proceeding to state the contract made between himself and the plaintiff, as to his liability, when he was interrupted by his counsel, who refused to allow him to say anything about such contract. Thereupon, the defendant, Andrews, moved the court to exclude the testimony of Foster from the jury, on the ground that he had shown himself directly liable to plaintiff for the amount of the note, in the event that judgment was not recovered against Andrews. The motion was overruled by the court, to which defendant, Andrews, excepted. This bill of exceptions is signed by seven of the attorneys of the court, who certify that the same was presented to the judge, who refused to sign it.

The court was asked by defendant, Andrews, to charge the jury that, "if the consideration was, in whole or in part, intended by the parties as a bet or wager on the presidential election, it was illegal and void;" and that, "if the jury find that the note was given without consideration, and against sound morals and public policy, the maker is not liable." These instructions the court gave to the jury, with the following qualifications annexed to the latter: "That if the jury find it was given for a horse, its payment depending on the terms expressed in the note, there is a legal consideration, and the contingency does not destroy plaintiff's right to recover, after it has happened." The court also further instructed the jury, that "if the note was given for a gray horse, to be paid for after Mr. Buchanan was elected president, if given while the election was pending, and the contingency has happened, the plaintiff is entitled to recover." The jury returned a verdict for the plaintiff, upon which judgment was render-

ed against the defendant, and from which Andrews appeals.

*Palmer & McFarland,* for the appellant.

*Hall, Harrington & Hall,* for the appellee.

STOCKTON, J.—I. It is objected to this bill of exceptions, that the fact of the refusal of the court to sign and allow it, should appear by the certificate of the judge, and not alone by the statements of the bystanders. We think, however, the bill of exceptions is sufficient. The refusal of the judge to sign and allow it, may be shown by the certificate of the attorneys. The judge may refuse to give his certificate of the fact, as he refused to allow the exceptions, and the party would thus be left without remedy.

II. The evidence of Foster was improperly admitted, and should have been excluded, on the motion of Andrews. His interest in having a judgment rendered against Andrews, was made to appear beyond controversy. Andrews' liability to plaintiff was upon the note, while Foster's was upon the indorsement. Andrews had pleaded that the note was given upon an illegal consideration, and was therefore null and void. The defense of Foster, if any was made, does not appear. He was not, however, defending against the note, and his interest was, in this respect, identical with that of plaintiff, to overthrow the defense set up by Andrews. The relations of the two defendants were antagonistic; and it being shown by his own admission, that if the plaintiff did not recover against Andrews, he would himself have to pay the amount of the note to plaintiff, the motion to exclude his testimony as to the consideration of the note, should have been sustained. *Hickman* v. *Sloan,* 2 Iowa, 64.

The statute provides, that "all promises, agreements, notes, bills, bonds or other contracts, mortgages, or other securities, where the whole or any part of the consideration thereof, is for money or other valuable thing, won

or lost, laid, staked or bet, at or upon any game of any kind, or on any wager, are absolutely void and of no effect." Code, sec. 2724. The court rightly charged the jury, that "if the consideration was in whole or part intended by the parties as a bet, or wager, it was illegal and void." But it may well be doubted, whether the jury were not misled by the qualification given to this instruction by the court, in its direction, that " if the note was given for a horse, payable upon the election of Mr. Buchanan, there was a legal consideration, and the contingency did not destroy the plaintiff's right to recover." The issue between the parties was, whether the note was given upon a wagering contract. The court neither determined this question itself, from the language of the instrument, nor left it to be determined by the jury from the evidence, but left it to be inferred by its direction, that whether given upon a wager or not, if given for a horse, there was a sufficient consideration, and the contingency expressed upon which the note was payable, did not show a wagering contract, nor impair the plaintiff's right to recover.

The fact that a note is made payable upon a contingency, does not necessarily show that it is a wagering contract, nor defeat the plaintiff's right to recover; but it is equally true that a note may be given for a horse, and yet the agreement between the parties may be such as to make it clearly a wagering contract, and consequently void.

If the note contained evidence upon its face, that it was void, as having been given in pursuance of an illegal contract, the court should have so decided, and should have excluded the note from being given in evidence.

In *Danforth* v. *Evans*, 16 Vermont, 538, the suit was upon the following instrument of writing: "October 16th, 1840. For value received, I promise to pay S. Danforth or order, fifty dollars, on the day that Martin Van Buren is re-elected president of the United States. ELI EVANS."

There was evidence tending to show, that the note was given for a horse, worth at the time twenty or twenty-five dollars, and that the note was only to be paid upon the

happening of the contingency therein named.   The court held, that " if the note had not sufficient on its face to render it void, evidence *aliunde*, must be introduced to show the nature of the contract, and the consideration for which the note was given.   This is the ordinary mode of attacking a note having nothing suspicious on its face."   It is farther said :   " We do not hesitate to regard the note, after the finding of the jury, as having been given upon a wagering contract, and void.   It possesses all the elements that are necessary to constitute any wager.   In communities where betting is prohibited by law, men have always resorted to some expedient to evade the law.   But a wager, though called by any other name, is none the less immoral and opposed to law—it is a wager still."

The evidence as to the consideration of the note, is not made part of the record, and we are unable to say whether it was given for a horse or not.   Nor will we undertake to decide, from the face of the note, whether or not it was given upon a wager.   This question, we think, should be left to the jury, with the direction, that if they found it was given upon a wager, or if the whole or any part of the consideration was for money or property laid, or staked, upon a bet or wager, the note was absolutely void, and could not be recovered for against the maker, even in the hands of an innocent purchaser.

The judgment of the district court is reversed, and a new trial ordered.